# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

KAWIN REESE                                                                                   PLAINTIFF

VS.                                                                            CAUSE NO:1:06CV126

MONROE COUNTY SHERIFF'S DEPARTMENT, et al.           DEFENDANTS

## MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT AS TO MONROE COUNTY, MISSISSIPPI, DEPUTY CHRISTOPHER DALE GRAY, AND DEPUTY RONALD WEST AND QUALIFIED IMMUNITY AS TO DEPUTIES GRAY AND WEST

This cause comes on for consideration on Defendants Monroe County, Mississippi, Deputy Christopher Dale Gray, and Deputy Ronald West's Motion for Summary Judgment and for Qualified Immunity as to Deputies Gray and West. The Court, having reviewed submitted briefs, is of the following opinion:

*FACTS*

The facts at issue in this case center around a nonparty named John Lowe, an escaped fugitive from the Mississippi Department of Corrections (MDOC) house arrest program. On December 25, 2005, Plaintiff Kawin Reese was visited by John Lowe two days after his escape, after Plaintiff arrived home from work. Lowe asked Plaintiff to give him a ride home because he had wrecked his car in a nearby creek, but Plaintiff declined because his girlfriend was on her way to his residence. Lowe then called Lisa Spence to pick him up or bring him money. Spence contacted MDOC Officer Randy Perkins to inform him where John Lowe was hiding. She also told the officers that Antonio Reese, Kawin Reese's nephew, would not let Lowe leave the premises until Lowe paid Antonio the money he owed him for drugs. Spence called the officers back numerous times and was told to try to stall Lowe until the officers could arrive at the

hideout. Spence held Lowe on the phone, got directions from him, and relayed them to the officers.

Three MDOC officers, accompanied by Monroe County Sheriff's Deputies Ronald West and Christopher Gray, drove to Plaintiff's residence in search of Lowe. Although the officers did have an arrest warrant for John Lowe, they contend that there was no opportunity to ascertain the location address with which to get a search warrant to arrest John Lowe without risking him relocating. As soon as the officers arrived at the scene, they observed Lowe outside the trailer and promptly arrested him.

Due to Spence's earlier conversations, the officers contend they had reason to believe that Antonio Reese, who was on probation with MDOC and had a prior record of assault on a police officer, was in the trailer. Although now disputed by Lowe, the officers aver that Lowe told them Antonio Reese was in the trailer. Also, the officers noticed the trailer door was "wide open." The officers proceeded to enter the trailer through the ajar front door in attempt to "secure the area." As they entered, they saw a light on in the bedroom. They entered the bedroom where Plaintiff, Kawin Reese, was and inquired if Antonio Reese was in the home. The Plaintiff responded that Antonio Reese was not there.

The Plaintiff claims the officers searched drawers throughout the house and the Plaintiff's girlfriend's purse. The Defendants contend they only searched for weapons in the areas within reach of the persons and areas where someone could be hiding.

Plaintiff brings this suit pursuant to 42 U.S.C. § 1983 and alleges that because of the illegal search he suffered mental anxiety and stress. Further, Plaintiff prays for punitive damages. Subsequently, this Motion for Summary Judgment was filed on the basis of qualified immunity and failure to assert a constitutional right.

## STANDARD OF REVIEW

To be entitled to summary judgment, a party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The movant has the initial burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Rule 56(c) compels the court to grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322, 106 S. Ct. 2548. Before finding that no genuine issue for trial exists, the Court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538, (1986).

## DISCUSSION

**A. 1983 Claim**

42 U.S.C. § 1983 states,

Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law…

42 U.S.C. § 1983. To maintain a successful 1983 action, the Plaintiff must prove there has been (1) a deprivation of a federal right (2) that occurred under color of state law, which (3) was caused by a state actor. Victoria W. v. Larpenter, 369 F.3d 475, 482 (5th Cir. 2004); Phillips v. Vandygriff, 711 F.2d 1217, 1221 (5th Cir. 1983). Section 1983 alone does not create substantive rights. Dismukes v. Hackathorn, 802 F. Supp. 1142, 1444 (N.D. Miss. 1992). Rather, Section

1983 creates a remedy for violation of federal, constitutional, or statutory rights. Cousin v. Small, 325 F.3d 627, 631 (5th Cir. 2003). Section 1983 was designed to deter state and government actors from abusing their official positions by depriving citizens of their constitutionally protected rights and provides redress for any such deprivation. Johnston v. Lucas, 786 F.2d 1254, 1257 (5th Cir. 1986). Mere assertions that a defendant violated a plaintiff's rights are insufficient to maintain a Section 1983 claim. Dismukes, 802 F. Supp. at 1444 (citing Easterling v. Glennville, 694 F. Supp. 911, 917 (S.D. Ga. 1986)).

**B. Official Capacity**

A municipality, such as Monroe County, will be held liable if the Plaintiff alleges a violation of constitutionally protected rights inflicted pursuant to an official policy or custom. McKinney v. Irving Indep. Sch. Dist., 309 F.3d 308, 313 (5th Cir. 2002). The plaintiff must demonstrate that he suffered a constitutional deprivation, that the deprivation occurred pursuant to a custom or policy of the county, and that there is a direct causal link between the custom or policy and the deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). In order to carry this heavy burden, "the plaintiff must generally demonstrate at least a pattern of similar violations." Id. Moreover, actions lodged against individuals in their official capacity are essentially against the municipality. Hafer v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991); Brooks v. George County, Miss., 84 F.3d 157, 165 (5th Cir. 1996).

**1. Constitutional Deprivation**

The Court will first analyze whether Plaintiff has demonstrated that he suffered a constitutional deprivation. Plaintiff avers that an unreasonable warrantless search occurred in violation of the Fourth Amendment. Indeed, a warrantless entry of a home is presumptively

4

unreasonable pursuant to the Fourth Amendment to the United States Constitution. Payton v. New York, 445 U.S. 573, 587, 100 S. Ct. 1371, 63 L. Ed. 2d 639 (1980).  However, the Fifth Circuit Court of Appeals has upheld a warrantless protective sweep based upon exigent circumstances.  United States v. Maldonado, 472 F.3d 388, 392 (5th Cir. 2006); United States v. Watson, 273 F.3d 599, 603 (5th Cir. 2001).  As defined by the Supreme Court of the United States,

> a "protective sweep" is a quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers or others.  It is narrowly confined to a cursory visual inspection of those places in which a person might be hiding.

Maryland v. Buie, 494 U.S. 325, 327, 110 S. Ct 1093, 108 L. Ed. 2d 276 (1990).  Courts have also applied the protective sweep doctrine when the arrest occurs outside a home. Watson, 273 F.3d at 602; United States v. Merritt, 882 F.2d 916, 921 (5th Cir. 1989); Kirkpatrick v. Butler, 870 F.2d 276, 281 (5th Cir. 1989).

The burden lies with the government in proving the existence of exigent circumstances. United States v. Rico, 51 F.3d 495, 504 (5th Cir. 1998).  Specifically, the government must satisfy this burden by showing that articulable facts taken with rational inferences from those facts would justify a reasonable officer in believing an individual posing a threat to the officers' safety exists in the area.  Buie, 494 U.S. at 334, 110 S. Ct. 1093.  The Court will take the "scene" through the eyes of a reasonable and prudent officer.  United States v. Rodea, 102 F.3d 831, 837 (5th Cir. 1996).  Moreover, the Court will not "second-guess the judgment of experienced law enforcement officers concerning the risks of a particular situation." United States v. Blount, 123 F.3d 831, 838 (5th Cir. 1997).  Rather, the Court will look to the totality of the circumstances of both direct and circumstantial evidence to determine whether exigency exists.  Maldonado, 472 F.3d at 395; United States v. Howard, 106 F.3d 70, 77 (5th Cir. 1997).

In Maldonado, the Court stated that arresting an individual in a driveway was near enough to a trailer to place agents in immediate danger. Maldonado, 472 F.3d at 393; see also Rico, 51 F.3d at 501. Also, in that case, the officers contended that they observed someone peek outside and close the trailer door, which caused them to be concerned as to how many people, who might pose a danger, were in the trailer. Maldonado, 472 F.3d at 394. Moreover, although the officers in Maldonado had no knowledge of any presence of weapons, the Court explained that drug deals usually involve weapons which would justify a reasonable officer in believing an individual may be harbored inside posing a danger to him. Id.

Similarly, in Watson, officers arrested a suspect on his front porch of his house. Watson, 273 F.3d at 603. An officer testified that he lacked specific reason to believe other individuals were in the house but noted that a possibility always exists. Id. at 601. The Fifth Circuit Court of Appeals upheld the protective sweep even though "the factual basis for these concerns is disputable." Id. at 603.

In the case sub judice, the totality of the circumstances weigh in favor of the Defendants. The officers arrested Lowe, an escaped fugitive who had a background of drug charges, outside of the trailer at night. As mentioned above, Courts have consistently held that arrests made just outside a residence can place the officers in a vulnerable position depending on the circumstances. *See* Watson, 273 F.3d 599; Merritt, 882 F.2d at 921; Kirkpatrick, 870 F.2d at 281.

The officers believed Lowe had been using drugs bought from Antonio Reese, a probationer with a record of assault upon a police officer. The officers were told that Antonio Reese was holding Lowe in the trailer until he was paid. Thus, following the arrest of Lowe, the officers reasonably believed Antonio Reese was still in the trailer and could pose a danger to the officers. Furthermore, the door to the trailer was wide open in the middle of a winter night.

6

Moreover, the officers could have also inferred that drug activity had occurred in the trailer, and since weapons are usually involved in drug deals, someone with a weapon could be inside posing a danger to the officers. See Maldonado, 472 F.3d at 394.

Based on the above, a reasonable officer could have objectively inferred that another threatening individual was in the trailer. Therefore, the Defendants have satisfied its burden in proving that exigent circumstances existed for a warrantless search.

However, the Court must further evaluate whether the government manufactured the exigency. Maldonado, 472 F.3d at 395. The Court shall determine not only the motivation of the police but also "the reasonableness and propriety of the investigative tactics that generated the exigency." Rodea, 102 F.3d at 1409. The Court must look to whether (1) there was sufficient time to secure a warrant; and (2) whether the exigency was created by unreasonable law enforcement tactics. Maldonado, 472 F.3d at 396. The Fifth Circuit Court of Appeals has held that officers did not manufacture an exigency where agents only conducted twenty minutes of surveillance, did not have a complete address, and had a rapidly evolving operation. Id.

In the case sub judice, Lowe was a fugitive escapee from the MDOC house arrest program. Obviously, a fugitive creates imminent circumstances whereupon officers have a limited window to apprehend the individual. Moreover, the events moved very rapidly, as Lowe expected the informant to be picking him up within the hour. Spence was stalling Lowe to allow time for the MDOC officers to arrive. Spence called back numerous times voicing directions to the officers. The officers were relying on Lowe's directions he was giving to Spence and never received an actual address. Given the nature of the rapidly evolving events, the officers allege, and this Court agrees, they would not have had sufficient time to procure a warrant while the fugitive was waiting for his friend to pick him up.

7

The Court will now evaluate the reasonableness of the officers' actions. Again, the officers had a small time frame with which to work. As in Maldonado, the officers did not know whether Lowe would relocate or become suspicious and flee. Maldonado, 472 F.3d at 397. "In fast-moving investigations like the one in this case, law enforcement officials can, if circumstances so require, act to prevent a potentially volatile situation from becoming worse." Howard, 106 F.3d at 80. After arresting Lowe, the agents would have been vulnerable to an attack from within the trailer, and since they believed another probationer was in the trailer, and the trailer door was ajar, the officers acted in a reasonable manner by securing the area and searching the trailer for their safety.

To the contrary, the Plaintiff cites Steagald v. United States, for the proposition that exigent circumstances must exist to enter a home of a third party to make an arrest of a non-resident. Steagald v. United States, 451 U.S. 204, 216, 101 S. Ct. 1642, 68 L. Ed. 2d 38 (1981). Indeed, the Court concurs with this contention; however, the facts in Steagald are substantially distinguishable from this case. Id. at 216, 101 S. Ct. 1642. In Steagald, the police entered and searched an individual's home based on an arrest warrant for a non-resident of the home. Id. 101 S. Ct. 1642. The police did not lawfully arrest an individual outside the residence as the officers did in this case. Id. Thus, no exigency existed in Steagald as it did in this case.

Unconvincingly, the Plaintiff additionally cites Wanger v. Bonner, which is also distinguishable from the case sub judice. 621 F.2d 675, 682-83 (5th Cir. 1980). In Wanger, officers were executing a misdemeanor warrant at two o'clock in the morning for failing to appear to answer a driving under the influence charge. Id. at 677. The police knocked on the door and asked for the person named on the warrant and then proceeded to enter the home of the resident, who was not the individual named on the warrant. Id. at 678. The officers later

arrested the resident for simple assault upon an officer. Id. Rather, in the case before this Court, the officers made a lawful arrest *outside* the premises, and exigent circumstances existed to warrant the entry of the home which is distinguishable from Wanger. Plaintiff has failed to put forth any evidence or case law of improper conduct on the part of the Defendants; therefore, the incidental search was not unreasonable under the Fourth Amendment.

Thus, in viewing the totality of the circumstances, the Court concludes that the officers did not have sufficient time to secure a search warrant nor did they act unreasonably. Therefore, the officers did not manufacture the exigent circumstance. In sum, Plaintiff failed to prove the existence of a violation of a constitutional right.

**2. Official Policy or Custom**

Though the Court finds that a constitutional deprivation did not exist, the Court further holds that the Plaintiff has not identified an official policy or custom attributable to Monroe County. In fact, Plaintiff concedes in his response to motion for summary judgment that he failed to allege a violation of policy or custom. Thus, the Plaintiff has failed to state a claim upon which relief can be granted nor has he created a genuine issue of disputed material fact worthy of a jury's consideration. Resultantly, summary judgment shall be granted for the Defendants, Monroe County Sheriff's Department a/k/a Monroe County, Mississippi, Deputies Christopher Dale Gray and Ronald West, in their official capacity. It is axiomatic that since neither of the first two elements exists, the Court will not delve into the third element pertaining to causation.

**C. Individual Capacity**

In addition to Monroe County, Plaintiff has also brought suit against Deputies Dale Gray and Ronald West and MDOC officers Randy Perkins and Christopher Rieves in their individual

capacities. A public official acting with discretionary authority enjoys qualified immunity in a civil action for damages, provided his conduct does not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). The qualified immunity defense is available to those acting within it except those that are "plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 341, 335, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986).

Not only has the Plaintiff failed to assert a threshold deprivation of a federal right under 42 U.S.C. § 1983 as mentioned above, the Court also opines that the individual Defendants are shielded under their qualified immunity defense. The Fifth Circuit employs a two part analysis to ascertain whether a defendant is entitled to assert the defense of qualified immunity. Wooley v. City of Baton Rouge, 211 F.3d 913, 919 (5th Cir. 2000). First, the Court must determine whether the plaintiff has alleged a violation of a clearly established constitutional law. Id. at 919. Second, assuming a violation is found, the Court must then ascertain whether, under the circumstances, the defendant's conduct was objectively reasonable in light of clearly established law. Id.

In the case sub judice, the Plaintiff asserts that the officers violated his Fourth Amendment rights by performing a warrantless and unreasonable search and seizure. As mentioned above, the Court must first determine whether the plaintiff has alleged a violation of clearly established constitutional law. In an effort to prevent an exhaustive regurgitation of the Court's prior discussion, the Court incorporates here the Fourth Amendment analysis as discussed supra. Thus, Plaintiff has failed to allege a constitutional violation much less a *clearly established* constitutional violation. Therefore, the Court's analysis ends here, and the

Defendants were justified in the warrantless search based on the existence of exigent circumstances.

## *CONCLUSION*

Based on the foregoing, the Defendants have satisfied their burden in proving that exigent circumstances existed in justifying a warrantless search of Kawin Reese's trailer. A reasonable officer could have inferred that an individual was harbored in the trailer and that the officers' lives could be in danger due to the vulnerability of the officers, post-arrest, in the driveway. Moreover, the officers did not have time to secure a search warrant, and their tactics were not unreasonable. Thus, they did not manufacture the exigency. Furthermore, the Plaintiff has not satisfied the requisite elements required under Section 1983, and the officers, in their individual capacity, are protected under the cloak of the qualified immunity defense. Accordingly, Defendants' Motion for Summary Judgment and Motions for Qualified Immunity are **GRANTED**.

A separate order shall issue in accordance with this opinion.

**SO ORDERED**, this the 27th day of March, 2008.

                                                        **/s/ Sharion Aycock**
                                                       **U.S. DISTRICT COURT JUDGE**