# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

KAWIN REESE                                                                                    PLAINTIFF

VS.                                                                     CAUSE NO:1:06CV126

MONROE COUNTY SHERIFF'S DEPARTMENT, et al.            DEFENDANTS

## ORDER

This cause comes on for consideration on Defendants Chris Rieves and Randy Perkins' Joinder in Monroe County, Mississippi, Deputy Christopher Dale Gray, and Deputy Ronald West's Motion for Summary Judgment and for Qualified Immunity. The Court, having reviewed submitted briefs, is of the following opinion:

Defendants Rieves and Perkins were granted an extension until July 8, 2007, in which to file their Motion for Summary Judgment. However, those Defendants failed to file Motion for Summary Judgment. On March 20, 2008, the Defendants subsequently filed a Joinder in co-defendants', Monroe County, Mississippi, Christopher Gray, and Ronald West, Motion for Summary Judgment and for Qualified Immunity. Earlier today, the Court granted co-defendants summary judgment and qualified immunity motions and thereafter dismissed co-defendants Monroe County, Mississippi, Deputy Ronald West, and Christopher Dale Gray.

Plaintiff avers that the Joinder is untimely, and the Court agrees. However, where the Court grants summary judgment in a particular party's favor, it can also grant summary judgment sua sponte in favor of another party who is entitled to judgment as a matter of law assuming it is based on the same determinative issues. Chrysler Credit Corp. v. Cathey, 977 F.2d 447 (8th Cir. 1992). In the case sub judice, the Court is of the opinion that the issues are the same for Defendants Rieves and Perkins as they were for Gray and West.

Although the Court can grant a sua sponte summary judgment motion, the Court recognizes the mandate of FED. R. CIV. P. Rule 56 which requires ten days notice and an opportunity to respond. See Powell v. United States, 849 F.2d 1576, 1577 (5th Cir. 1988). Even though the Plaintiff did respond to co-defendant's prior summary judgment and qualified immunity motions which are the same issues as Defendants Rieves and Gray are asserting, the Court invites the Plaintiff to respond to this order and show the Court why these defendants should be treated differently than the prior dismissed co-defendants and why they should not be dismissed under qualified immunity and failure to assert a violation of a federal right under Section § 1983. The Plaintiff is granted until April 4, 2008, to respond to this order.

**SO ORDERED**, this the 27th day of March 2008.

                                                      **/s/ Sharion Aycock**
                                                      **U.S. DISTRICT COURT JUDGE**