IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KAWIN REESE                                                              PLAINTIFF

VS.                                                           CAUSE NO:1:06CV126

MONROE COUNTY SHERIFF'S DEPARTMENT, et al.                  DEFENDANTS

## MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT AS TO M.D.O.C. AGENTS RANDY PERKINS AND CHRIS RIEVES AND QUALIFIED IMMUNITY AS TO AGENT PERKINS AND RIEVES

This cause comes on for consideration on the Court's *sua sponte* Motion for Summary Judgment and for Qualified Immunity as to Mississippi Department of Corrections (MDOC) Agents Randy Perkins and Chris Rieves. The Court, having reviewed submitted memoranda and applicable law, is of the following opinion:

### *BACKGROUND*

On June 12, 2007, Defendants Rieves and Perkins were granted an extension until July 8, 2007, in which to file a Motion for Summary Judgment. However, those Defendants failed to file Motion for Summary Judgment. Seven months after that deadline on March 20, 2008, the MDOC Defendants subsequently filed a Joinder in their co-defendants' previously filed Motion for Summary Judgment and for Qualified Immunity. On March 27, 2008, the Court granted co-defendants' summary judgment and qualified immunity motions and thereafter dismissed co-defendants Monroe County, Mississippi, Deputy Ronald West, and Christopher Dale Gray.

Plaintiff avers that the Joinder is untimely, and the Court agrees. However, where the Court grants summary judgment in a particular party's favor, it can also grant summary judgment *sua sponte* in favor of another party who is entitled to judgment as a matter of law, assuming it is based on the same determinative issues. Arkwright-Boston Mfrs. Mut. Ins. Co. v.

Aries Marine Corp., 932 F.2d 442, 444-45 (5th Cir. 1991); Chrysler Credit Corp. v. Cathey, 977 F.2d 447 (8th Cir. 1992). In the case *sub judice*, the Court is of the opinion that the issues are the same for Defendants Rieves and Perkins as they were for Gray and West.

Although the Court can grant a *sua sponte* summary judgment motion, the Court recognizes the mandate of FED. R. CIV. P. 56 which allows the defendant an opportunity to respond. See Powell v. United States, 849 F.2d 1576, 1577 (5th Cir. 1988). Even though the Plaintiff fully responded to co-defendant's prior summary judgment and qualified immunity motions which are the **same issues** that pertain to Rieves and Perkins, the Court invited the Plaintiff by order dated March 27, 2008, to respond and show the Court why these defendants should be treated differently than the prior dismissed co-defendants and why they should not be dismissed under qualified immunity and failure to assert a violation of a federal right under Section § 1983. Plaintiff responded to that order with a regurgitation of their prior response to the co-defendants' summary judgment argument. Moreover, Plaintiff failed to distinguish why the MDOC agents should be treated differently than their co-defendants. The Court finds these additional arguments without merit.

Thus, the Court adopts its prior Order Granting Summary Judgment and Qualified Immunity. The Order shall be applied in full to MDOC agents Randy Perkins and Chris Rieves. Nevertheless, the Court hereby supplements that Order [87] to address Plaintiff's arguments filed on April 2, 2008.

## *DISCUSSION*

Plaintiff first argues that disputed issues of fact exist as to whether the warrantless entry was justified by exigent circumstances. Plaintiff avers that the court failed to take the facts in the light most favorable to the Plaintiff. Specifically, Plaintiff points out that Lowe never told the

Agents the following: that Antonio Reese was in the house, there were drugs or other criminal activity in the home, or the address of the trailer. Although the Court mentioned the dispute in the facts, the Court did not consider or mention Lowe's alleged statement or testimony as a factor in the totality of the circumstances in the Court's analysis. Contrary to what the Plaintiff asserts in his response, the Agents relied on what Lisa Spence relayed to them as to Antonio Reese, the drug activity, and the whereabouts of the residence. Thus, the Court relied on those undisputed facts as to why the officers believed Antonio Reese was in the trailer.

Plaintiff also states that the arrest was made seventy-six (76) feet away from Plaintiff's front door, and the Plaintiff's door was *allegedly* standing open. The Court has failed to locate case law that measures the distance between the location of an arrest made outside the residence and the residence itself. Nevertheless, the Court opines that seventy-six (76) feet is certainly within a zone of danger for an arresting officer considering the likelihood that a firearm could undoubtedly reach this distance. As to the door standing open, this fact is undisputed.

Plaintiff next argues that assuming there were exigent circumstances, the MDOC agents exceeded the scope of any authority they had to enter Plaintiff's home by conducting an overly thorough search. The Court would like to initially point out that unlike most cases asserting a Fourth Amendment violation, this case does not involve a party arguing that evidence, such as drugs, weapons, or contraband found in an area not within the scope of the search, should not be used against him. Rather, the Plaintiff, in the case *sub judice*, is alleging that he suffered mental stress and anxiety as a result of the search.

In Plaintiff's response to the Court's order, Plaintiff claims that the officers searched Reese's pants' pockets, his girlfriend's purse, and drawers in Plaintiff's bedroom. In sum, Plaintiff argues that the officers had no right to search Plaintiff's bedroom. Plaintiff contends

3

that Kawin Reese's allegations create a genuine issue of material fact as to whether the officers exceeded the scope of the search. The Court finds they do not.

The Court is of the opinion that the officers, for their safety, had the right to search all areas within the reach of the two persons in the room, and such a limited intrusion can hardly outweigh the safety of the officers. See Chimel v. Cal., 395 U.S. 752, 763, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969) (holding that an arresting officer can search the suspect's person for weapons as well as the immediate area where the arrestee could grab a weapon)[1]; see also Cupp v. Murphy, 412 U.S. 291, 93 S. Ct. 2000, 36 L. Ed. 2d 900 (1973) (justifying a limited search not incident to arrest as long as not a full Chimel search).[2] Indeed, the Court will not second guess the judgment of experienced law enforcement officers concerning the risks of a particular situation. U.S. v. Maldonado, 472 F.3d 388, 393 (5th Cir. 2006). In this case, the officers believed that a violent criminal was in the trailer who could pose a danger to the officers. Generally, officers lawfully entering rooms may be unaware that the occupant has a firearm within his reach. The Court determines that it would be unreasonable to disallow an officer to search areas within an occupant's reach. Such a holding would endanger future officers.

As to any other drawers in the rest of the house, no genuine issue of material fact exists as to those drawers. Plaintiff states he heard drawers being opened and further states that after the officers left, he saw items that were pulled out of the drawers. No other admissible evidence exists that the drawers in the other parts of the house were searched. Conclusional allegations, speculation, improbable inferences, and unsubstantiated assertions do not substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754,

---

[1] While the Court is aware that Kawin Reese was not an arrestee, the circumstances surrounding this case are similar, and thus the officers were justified in searching the immediate area for weapons.
[2] Moreover, the officers' limited search does not amount to the full search as in Chimel. The officers merely performed a protective sweep of the house and immediate areas within the occupants' reach to ensure their safety.

4

759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Sedgwick, 276 F.3d at 759. In the case before the court, these allegations are conclusory with improbable inferences. Even if these conclusory allegations were taken as fact, the allegations would not amount to a *material* fact which would allow the case to proceed to a jury on that sole basis alone.

## *CONCLUSION*

Based on the foregoing, the Court is of the opinion that exigent circumstances existed in justifying a warrantless search of Kawin Reese's trailer. A reasonable officer could have inferred that an individual was harbored in the trailer and that the officers' lives could be in danger due to the vulnerability of the officers, post-arrest, in the driveway. Moreover, the officers did not have time to secure a search warrant, and their tactics were not unreasonable. Thus, they did not manufacture the exigency. Furthermore, the Plaintiff has not satisfied the requisite elements required under Section 1983, and the officers, in their individual capacity, are protected under the cloak of the qualified immunity defense.

On the facts of the case, considering the officers were legally in the trailer, the very limited intrusion of the search of the immediate areas, and the concern of protecting the safety of officers, the Court cannot hold that this limited search violated the Fourth Amendment. Accordingly, the Court **GRANTS** summary judgment and qualified immunity *sua sponte* as to all remaining defendants. The case is **DISMISSED**, and the clerk shall **CLOSE** this case and **TERMINATE** this trial date.

A separate order shall issue in accordance with this opinion.

**SO ORDERED**, this the 10th day of April, 2008.

                                              **/s/ Sharion Aycock**
                                              **U.S. DISTRICT COURT JUDGE**